UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shadow A. Graham, | ) | C/A No. 5:16-cv-00917-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Scott Gauger, and | ) | |
| Wayne Byrd, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Shadow A. Graham ("Plaintiff") is currently confined at the Darlington County Detention Center following his arrest on three warrants charging him with three drug-related crimes. *See* http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2015A1610400920&CaseType=C (last consulted Mar. 29, 2016). According to Plaintiff, the three warrants were issued on December 14, 2015, which was approximately one month after Plaintiff had been released from the custody of the South Carolina Department of Corrections ("SCDC"), where he served approximately four months on a sentence from a previous conviction. Compl. 3, ECF No. 1. Plaintiff contends that he is

wrongfully suffering damages from his current incarceration pending trial on the three warrants because, according to Plaintiff, the three warrants were based on activities previous to his SCDC incarceration. He states that "all 3 of the warrants could have been issued and given to me befor[e] my release in Nov. of 2015." *Id*. As relief, Plaintiff asks this court to order that he be sentenced on the pending charges to time served, that his sentence run concurrent with a "YOA" sentence, or that the charges be dismissed. He also asks to be compensated in the amount of "an average days wage times the number of days [he has] been illegally incarcerated." He says that he thinks he should get $50,000.00. Finally, he asks the court to "bring the proper correction" on all Darlington County officials who are responsible for his "wrongful incarceration." *Id*. at 4.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal

2

construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

First, the only reference in the Complaint under review to either of the two persons Plaintiff names as Defendants in this case is contained at the very end in the "relief" section. While Plaintiff seems to state that these persons, among others not named, are "responsible for [his] unlawful incarceration," ECF No. 1 at 5, he does not include in the body of the pleading any factual allegations of specific wrongdoing by either Defendant Gauger or Byrd. As a result, he fails to state any plausible claim against either Defendant. Under the provisions of the PLRA, more specifically 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a prisoner that is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing by either of the Defendants, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to both of them. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, * 2 n. 2 (5th

3

Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). In absence of substantive allegations of wrongdoing against the named Defendants, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint against them. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim).

Furthermore, that Defendant Byrd is the Sheriff of Darlington County and, arguably, the supervisor of Defendant Gauger, does not substitute for the lack of substantive allegations of wrongdoing by him because his position as the overall supervisor of the other Defendant is not, alone, a basis on which to hold him liable to Plaintiff for the alleged wrongdoing of his subordinates. To assert a plausible constitutional-violation claim against any particular public official under 42 U.S.C. § 1983,[1] a plaintiff's allegations must show a causal connection or affirmative link between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted

---

[1] Plaintiff's claims for damages allegedly arising from his detention in a local detention center in South Carolina and on charges pending in the state courts system are properly considered by this court under its federal-question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

personally in the deprivation of the plaintiff's rights); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Sheriff Byrd may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which

5

to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983). The *Slaken* exception is not adequately pleaded in this case because, as previously noted, there are no allegations against Defendant Byrd, much less allegations of any personal knowledge (or even subjective knowledge) of the allegedly late filing of the three warrants on which Plaintiff is now detained.

Second, even if Plaintiff had included sufficient allegations of personal involvement of Defendants in the timing and issuance of the three warrants and Plaintiff's arrest, to the extent that Plaintiff requests injunctive and/or declaratory relief in the nature of orders telling the state court how to sentence Plaintiff or to dismiss the charges now pending against him or to punish any Darlington County law-enforcement officer, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Nivens v. Gilchrist,* 319 F.3d 151, 154-55 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). No extraordinary circumstances are alleged in the Complaint now under review.

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court

6

of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same). As indicated in the cases cited above, Plaintiff is not foreclosed from challenging the three warrants for the reasons asserted in the Complaint now under review and having his challenges ruled on in his on-going state criminal prosecution by the state court judge. This court cannot remove the authority to rule on such challenges from the judge who is actually in control of Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seeks—specific sentencing results and/or release from incarceration and confinement and punishment of law-enforcement officers—this court would be required to enjoin the state prosecution, and, as stated above, this is not something the court can do under *Younger*, *Cinema Blue*, and *Bonner*.

Third, even if Plaintiff had included sufficient allegations of personal involvement of Defendants, to the extent that Plaintiff seeks damages allegedly arising from his current period of incarceration, he fails to state any plausible federal claim under 42 U.S.C. § 1983. No plausible claim of a Fourth Amendment violation in the nature of false arrest is stated because the Fourth Circuit Court of Appeals has specifically held that in South Carolina there can only be a viable false-arrest claim where the subject arrest was made without a facially valid warrant. *Dorn v. Town of Prosperity*, 375 F. App'x 284 (4th Cir. 2010). Plaintiff's own allegations show that the

arrest that resulted in his current detention was based on three separate warrants; he does not challenge the facial validity of any of those warrants.

Finally, even if Plaintiff had included sufficient allegations of personal involvement of Defendants, he also fails to state a plausible Fourth Amendment-violation claim in the nature of malicious prosecution because he has not alleged that the pending criminal charges were terminated in his favor, resulting in the bar of any such claim at this stage of pending state criminal proceedings under *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to civil actions alleging constitutional violations and/or other improprieties in connection with the prosecution of criminal charges, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights claims based on the conviction and related matters will be barred if success on the civil claims would require a court to find that the conviction was invalid. This court has ruled that *Heck* applies to claims brought under 42 U.S.C. § 1983, the *Bivens* Doctrine, or the Federal Tort Claims Act. *Hutchinson v. United States*, No. 9:08-0735-MBS, 2008 WL 5114582, at *1 (D.S.C. Dec. 2, 2008) (citing *Abiodun v. Mckasey,* 264 F. App'x 726 (10th Cir. 2008) and *Dare v. United*

8

*States,* 264 F. App'x 183 (3d Cir. 2008)). *Heck* is not applicable to false-arrest claims, at least those raised by pre-trial detainees, *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); however, as previously stated, Plaintiff fails to state a plausible false-arrest claim, thus rendering *Wallace v. Kato* inapplicable here. *See Brown v. Gardner*, No. 3:14-4635-TMC, 2015 WL 893344, at * 5 (D.S.C. Mar. 3, 2015); *see also Lucas v. Allen*, No. 3:14-29289, 2015 WL 1643187, at *5 (S.D.W. Va. Apr. 10, 2015).

The Fourth Circuit Court of Appeals has held that *Heck*'s requirement that convictions be set aside or charges finally dismissed before a civil constitutional-violation claim arising from a criminal prosecution may be pursued is a favorable-termination rule equivalent to the one applicable to state-law-based malicious-prosecution claims. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183 (4th Cir. 1996). Under applicable law, if a conviction is not actually obtained on the disputed criminal charges (in this case, the state charges filed after Plaintiff's release from SCDC custody), the favorable-termination rule requires that prosecution of such charges be terminated "for reasons indicative of the innocence" of the criminal defendant (the civil plaintiff). *Restatement (Second) of Torts* § 660 (1977). In this regard, this court and others hold that dismissal of pending state charges for reasons *other than* the defendant's innocence does not satisfy the *Heck* favorable-termination requirement. *See Wilkins v. DeReyes,* 528 F.3d 790, 802-03 (10th Cir. 2008); *Washington v. Summerville*, 127 F. 3d 552, 558-59 (7th Cir. 1997).

Plaintiff's allegations of illegal detention on the three warrants issued after his release from SCDC custody, if true, would require this court to find any convictions the State of South Carolina might obtain on those warrants invalid. Thus, the *Heck* holding is applicable to Plaintiff's claims. Moreover, the totality of the circumstances alleged in the Complaint and supplemented through judicial notice of relevant court records show that none of the pending

9

state charges has been favorably terminated. The Darlington County Clerk of Court's on-line records cited previously show that the state charges are currently pending, and Plaintiff does not allege that any of the state charges have been dismissed because of his innocence. *See Restatement of Torts (Second)* § 672 (1977) (plaintiff has burden of proving favorable termination). Thus, no plausible Fourth Amendment/malicious-prosecution type claim nor any other plausible federal claims are stated in this Complaint.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

March 31, 2016                                                                      Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).